# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

‾‾‾‾‾‾‾

No.  99-51182

‾‾‾‾‾‾‾

## UNITED STATES OF AMERICA,

Plaintiff-Appellee

VERSUS

## ANASTACIO VASQUEZ-ZAMORA,

Defendant-Appellant

‾‾‾‾‾‾‾

Appeal from the United States District Court
for the Western District of Texas

‾‾‾‾‾‾‾

May 31, 2001

Before POLITZ and BARKSDALE, Circuit Judges, and FALLON, District  Judge.[*]

FALLON, District Judge:

_____

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

Vasquez-Zamora appeals his sentence arguing that the district court erred in imposing an enhanced penalty based on drug quantity because the drug quantity was not alleged in the indictment. We vacate and remand for resentencing.

I.

On October 26, 1998, Border Patrol agents arrested Anastacio Vasquez-Zamora

1

after discovering marijuana in the pickup truck he was driving. He was charged in a two count indictment. Count One charged him with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B), and Count Two charged him with conspiracy to possess with intent to distribute marijuana in violation of title 21 U.S.C. § § 841(a)(1), 841(b)(1)(B), and 846. Although the indictment referenced section 841(b)(1)(B) to indicate an aggravated drug quantity, it did not state a specific quantity of marijuana. Vasquez pled guilty to both counts pursuant to a plea agreement on December 20, 1999.[2]

The presentence report stated that Vasquez was responsible for 105 kilograms of marijuana and recommended an enhanced statutory penalty of five to forty years imprisonment and a five year term of supervised release because the offense involved more than 100 kilograms of marijuana. Vasquez objected to the recommendation for an enhanced penalty arguing that the government used an unreliable method for weighing the marijuana.[3]

Finding by a preponderance of the evidence that the offenses involved 105 kilograms of marijuana, the district court overruled Vasquez's objection and sentenced

_____

[2] Both parties agree that the plea agreement does not preclude Vasquez from appealing his sentence on the basis that it exceeds the statutory maximum.

[3] The government explains that Vasquez dismissed this objection at sentencing. *See* Appellee's Br. at 6. Whether or not presented to the district court, Vasquez does not raise this issue on appeal.

him to sixty-five months imprisonment and a five year term of supervised release. Vasquez now appeals his sentence.

II.

Vasquez challenges his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny in this Circuit. He argues that the district court improperly sentenced him to a term of supervised release based on an enhanced penalty because the government failed to state a quantity of drugs in the indictment and prove it beyond a reasonable doubt to a jury. Without any enhancement for drug quantity, the appropriate term of supervised release would not exceed three years and the period of incarceration would not be greater than five years. *See* 21 U.S.C. § 841(b)(1)(D); *United States v. Garcia*, 242 F.3d 593, 599 (5th Cir. 2001).

Because Vasquez raises an *Apprendi* issue for the first time on appeal, we review his sentence for plain error. *See United States v. Miranda,* No. CIV.A. 98-11183, 2001 WL 388088, at *5 (5th Cir. April 17, 2001); *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir. 2000). Plain error requires Vasquez to show "(1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *Meshack*, 225 F.3d at 576 (quoting *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000)).

A.

Vasquez and the government agree that the five year term of supervised release was erroneous. *See* Appellee's Br. at 12. In *United States v. Doggett*, we held that "if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a

jury for a finding of proof beyond a reasonable doubt." 230 F.3d 160, 165 (5th Cir. 2000). Because Vasquez's five year term of supervised release represents an enhanced penalty under 21 U.S.C. § 841(b)(1)(B), but a quantity of drugs was not stated in the indictment or submitted to a jury for a finding of proof beyond a reasonable doubt, we find plain error in Vasquez's sentence. *See id.*

We correct plain error only if that error seriously affects the fairness of the judicial proceedings and if correcting it would result in a significantly reduced sentence for the defendant. *See Miranda*, 2001 WL 388088, at *6. In this case, Vasquez is entitled to a corrected sentence because he may receive a term of supervised release between two and three years. *See* 18 U.S.C. § 3583(b)(2); U.S. Sentencing Guidelines Manual § 5D1.2(a)(2) (indicating a term of two to three years supervised release). Accordingly, we vacate Vasquez's term of supervised release and remand for resentencing.

### B.

We also recognize that Vasquez's sentence of sixty-five months imprisonment is erroneous under *Apprendi* even though he does not raise this issue on appeal.[4] Because the government failed to state a quantity of drugs in the indictment and prove it beyond a reasonable doubt to a jury, Vasquez could be sentenced to no more than sixty months on each count pursuant to 21 U.S.C. §

841(b)(1)(D). *See Garcia*, 242 F.3d at 600 (reducing sentence to sixty months when marijuana amount was neither stated in the indictment nor proved to a jury).

The government concedes that Vasquez's sixty-five month prison term violates *Apprendi*, but it argues that the error is harmless because the district court could have imposed consecutive rather than concurrent terms of imprisonment pursuant to section 5G1.2(d) of the U.S. Sentencing Guidelines.

While the district court could have imposed consecutive prison terms for each count of the indictment, it found concurrent terms of sixty-five months incarceration for both counts appropriate punishment for Vasquez. Because the district court has discretion under the applicable statutes and sentencing guidelines to fashion a penalty that combines terms of imprisonment with periods of supervised release, we vacate Vasquez's prison term and remand it for resentencing with his term of supervised release.

### III.

For the foregoing reasons, we VACATE Vasquez's entire sentence and REMAND to the district court for resentencing consistent with this opinion.

VACATE sentence; REMAND for resentencing.

---

[4] As we noted in *United States v. Garcia*, "it would be manifestly unjust under the circumstances to ignore the clear-cut, mechanical application of *Apprendi* to Defendant's prison sentence simply because Defendant did not ask for all the relief for which he was entitled." 242 F.3d at 599, n.5.