**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-40602
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIONEL MOORE, also known as Doc,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(No. G-99-CR-1012)

November 27, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Appellant Lionel Moore ("Moore") appeals his guilty-plea conviction and sentence. For the

reasons assigned herein, we affirm his conviction, but vacate his term of supervised release and

remand to the district court for resentencing.

[*] Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 1999, Moore was indicted on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, commonly known as "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(C), and 846 ("Count One"), and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count Seven"). On October 28, 1999, Moore pled guilty to Counts One and Seven. The plea was not pursuant to a written plea agreement. On May 17, 2000, the district court sentenced Moore to concurrent 135-month prison terms as to each count, concurrent five-year terms of supervised release as to each count, and a $200 special assessment fee.

At rearraignment, the prosecutor recited the facts which the government would prove if Moore pleaded not guilty, which included the circumstances surrounding his arrest, and Moore acknowledged these facts. On January 13, 1998, police officers stopped Moore for speeding. Moore fled the scene on foot and the officers observed him throw four baggies to the ground as he ran. The officers recovered the baggies and determined that they contained 66.18 grams of crack cocaine.

According to the presentence report (PSR), in 1997, federal agents initiated an investigation on the crack and powder cocaine distribution activities of Terry Lee Scott ("Scott"). Between October 1997 and December 1997, the agents intercepted thirty-one telephone conversations between Moore and Scott. On October 28th, Moore ordered one ounce of crack cocaine. Moore ordered two ounces of powder cocaine from Scott on October 30th and four additional ounces on November 1st. On each of these occasions, a pole camera located in front of Scott's residence recorded actions consistent with the requested drug transactions. Continuing investigation revealed that Moore obtained four ounces of crack cocaine from Scott on October 30th and purchased approximately forty

2

ounces of powder cocaine in November and December 1997. Moore also sought advice from Scott on how to cook the powder cocaine into crack cocaine. When Scott was arrested, he told federal officers that Moore purchased four to six ounces of cocaine per week from Scott beginning in 1997, in both powder and crack form. Based on information from the agents and Scott, the probation officer determined that Moore was responsible for possession and distribution of 1,219 grams of powder cocaine and 207.93 grams of crack cocaine.

Moore also had a prior 1993 state conviction for possession of crack cocaine with intent to distribute and was on probation for that offense when he committed the present offense. Moore violated the terms of his probation four times and served a total of one year and several months in jail before he was paroled on August 5, 1999.

At sentencing, Moore's defense counsel raised several objections to the PSR, and the court ruled on each objection. One objection concerned the inclusion of crack cocaine in calculating the offense level. Moore claimed that all of his transactions involved powder cocaine. The case agent, Agent Robinson, told the court the following: "Moore has said he sold crack cocaine. He converted it into crack cocaine. He bought it as powder most of the time and converted it himself." The court found "that the presentence report and the information that it discloses provides clear and reliable evidence to support the calculation of the drug amount" and overruled the objection. Moore did not object to the announced sentence.

The judgment of conviction and sentence was entered on May 22, 2000. Moore filed a timely pro se notice of appeal and the district court appointed counsel to represent Moore on appeal. Moore subsequently filed a motion to dismiss counsel and appoint substitute counsel. This court denied

3

Moore's request to appoint new counsel, but ultimately granted a subsequent motion by Moore to dismiss counsel and proceed pro se. This pro se appeal followed.

DISCUSSION

Moore challenges his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), and contends that the indictment is defective for failure to allege all the elements of the charged offense. He argues that because the indictment alleged no specific quantity of drugs under 21 U.S.C. § 841, the district court improperly sentenced him to a term of supervised release based on an enhanced penalty. We review Moore's sentence for plain error in light of his failure to raise the Apprendi objection before the district court. United States v. Meshack, 225 F.3d 556, 575 (5th Cir. 2000). Plain error requires Moore to show "(1) an error; (2) t hat is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotations omitted) (quoting United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000)). Under plain error review, this Court corrects overlong terms of supervised release. Id. at 578.

Moore and the government agree that the five-year term of supervised release was erroneous. Without enhancement for drug quantity, the appropriate term of supervised release would not be greater than three years and the period of imprisonment would not exceed twenty years. 21 U.S.C. § 841(b)(1)(C); United States v. Doggett, 230 F.3d 160, 164-65 & n.2 (5th Cir. 2000); Meshack, 225 F.3d at 578. This court has held that "if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." Doggett, 230 F.3d at 164-65. We find plain error in Moore's sentence because the five year term of supervised release

4

represents an enhanced penalty, but a drug quantity was not stated in the indictment. See United States v. Vasquez-Zamora, 253 F.3d 211, 214 (5th Cir. 2001). We also find that the additional two years of supervised release affects Moore's substantial rights. See United States v. Gonzalez, 259 F.3d 355, 359 (5th Cir. 2001). Moreover, we conclude that Moore is entitled to a corrected sentence because his sentence may not exceed the statutory maximum of a three-year term of supervised release. See 21 U.S.C. § 841(b)(1)(C); Vasquez-Zamora, 253 F.3d at 214. Accordingly, we vacate Moore's term of supervised release and remand for resentencing.[1]

Moore's contention that his conviction should be reversed because the indictment failed to allege all the essential elements of the charged offenses is without merit. Drug quantity is an element of a 21 U.S.C. §§ 841 or 846 offense, which must be stated in the indictment, only when the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B). See Doggett, 230 F.3d 164-65. The absence of a drug quantity allegation in the indictment authorizes only a sentence under § 841(b)(1)(C), the default provision. The indictment in this case is sufficient because it charges only offenses for which no drug quantity need be stated.

Moore next argues that the district court erred in holding him responsible for the amount of crack cocaine indicated in the PSR. Moore claims that he never obtained crack cocaine from Scott, and that the government failed to prove that the cocaine purchased by Moore was crack cocaine rather than powder cocaine. This Court reviews the accuracy of the factual findings made by a district court in its determination of a defendant's relevant conduct for sentencing purposes under the

---

[1]Correcting the error requires resentencing under 21 U.S.C. § 841(b)(1)(C), but does not require reversal of Moore's conviction. See Meshack, 225 F.3d at 578 ("Apprendi allows for only a sentencing challenge, not a challenge to the underlying conviction."); cf. Gonzalez, 259 F.3d at 360 ("[C]orrecting the error does not require a new trial but merely resentencing . . . ."). We reject any assertion by Moore to the contrary.

clearly erroneous standard. United States v. Schorovsky, 202 F.3d 727, 729 (5th Cir. 2000). "As a general rule, a PSR bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines." United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999). The district court may adopt facts contained in the PSR without inquiry, if the information in the PSR has an adequate evidentiary basis and the defendant does not present rebuttal evidence demonstrating that it is "materially untrue, inaccurate or unreliable." Id. (citation and internal quotations omitted). "The court is free to disregard a defendant's unsworn assertions that the PSR is unreliable." United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995). The PSR's conclusion that Moore obtained five ounces of crack cocaine from Scott was based on sufficient evidence derived from an investigation of Scott's drug transactions. While Moore objected at sentencing to the references to crack cocaine in the PSR, he failed to present evidence to rebut those determinations. In the absence of rebuttal evidence, the district court correctly relied on the PSR and Agent Robinson's statements in determining the amount of crack cocaine involved in this case. The district court's finding is not clearly erroneous.

Moore also challenges the manner in which the district court determined his criminal history category. This court conducts a de novo review of the district court's legal application of the United States Sentencing Guidelines ("Guidelines"). United States v. Franklin, 148 F.3d 451, 459 (5th Cir. 1998). The court assessed two points under section 4A1.1(d) of the Guidelines because Moore committed the present offenses while he was on probation for his 1993 state court conviction. The court also added three points under section 4A1.1(a) of the Guidelines because the state court revoked Moore's probation and sentenced him to three years imprisonment. Moore claims that the assessed points for the revocation constitute unlawful double counting because the conduct

6

supporting the federal conviction for Count Seven in the indictment is the same conduct that resulted in the state probation revocation. Finding this case analogous to our decision in Franklin, there is no evidence that the revocation turned on the conduct underlying Moore's federal conviction. 148 F.3d at 461-62. The PSR indicates that Moore violated his probation numerous times and that each motion to revoke charged Moore with failing to report; failing to pay restitution, court fees, and supervision fees; and continued drug use. Moore's probation was revoked for violating the conditions of his probation, even before his guilty plea in the underlying convictions. Thus, we decline to find double counting.

Further, Moore urges this court to vacate his prior state conviction, claiming that his rights were violated during his state court guilty plea because the state court failed to properly advise him that his state conviction could subsequently be used to increase a sentence in federal court, his state defense counsel was ineffective, and the state prosecutor was vindictive in dismissing the state cocaine possession charge in exchange for his plea to violating probation. In Custis v. United States, the Supreme Court held that a federal prisoner cannot collaterally attack the validity of his prior state convictions used to enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in the sentencing forum, unless the attack was based on a deprivation of the right to counsel. 511 U.S. 485, 496-97 (1994); see also Daniels v. United States, 121 S.Ct. 1578, 1583 (2001) ("[I]f, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, the conviction is presumptively valid and may be used to enhance the federal sentence."). Like Moore, Custis challenged his prior convictions on the ground that his guilty plea was not knowing and intelligent and that his lawyer was ineffective. Id. at 488. We believe that Custis applies whether the sentence enhancement was imposed under the ACCA or under the

7

Guidelines. See Brackett v. United States, No. 01-1466, 2001 WL 1316525 (1st Cir. Oct. 31, 2001), at *4. We conclude that Moore may not challenge the validity of his prior state conviction in this direct appeal of his conviction and sentence. Thus, the district court properly applied the Guidelines to Moore's presumptively valid prior state conviction.

Finally, Moore argues that the district court erred in determining his sentence without running his federal sentence concurrent with his state sentence and without awarding him credit for time served in state confinement. Because Moore did not raise these objections at sentencing, our review is limited to plain error. United States v. Torrez, 40 F.3d 84, 86-87 (5th Cir. 1994); United States v. Bleike, 950 F.2d 214 (5th Cir. 1991). "[I]f a term of imprisonment is imposed on a defendant who is already subject to an *undischarged* term of imprisonment," the district court has discretion to run the terms concurrently or consecutively, with the exception of attempt offenses. 18 U.S.C. § 3584(a) (2001) (emphasis added). We conclude that the district court did not commit plain error in failing to run Moore's federal sentence concurrent to his discharged state sentence because the State of Texas paroled Moore on August 5, 1999, and at the time of the sentencing hearing, May 17, 2000, and Moore's guilty plea, October 28, 1999, there was nothing for the federal sentence to run consecutive to or concurrent with. Further, the district court did not commit plain error in not giving Moore credit for time served in state confinement because the Attorney General must compute the credit under 18 U.S.C. § 3585(b) following sentencing. United States v. Wilson, 503 U.S. 329, 333-34 (1992). Although Moore indicates that he is seeking judicial review of computation of his credit by the Bureau of Prisons after exhausting his administrative remedies, Wilson, 503 U.S. at 1355, he does not establish what administrative review he pursued. Even if all of Moore's administrative remedies were exhausted, he would not be entitled to this credit because the time he spent in state

8

confinement from 1998 until his parole was credited against his state sentence for violating his probation in relation to his 1993 state conviction. 18 U.S.C. § 3585(b) (authorizing credit only for "time he has spent in official detention prior to the date the sentence commences . . . that has not been credit against another sentence").

## CONCLUSION

Accordingly, for the reasons stated herein, we VACATE the district court's sentence as to the term of five years for supervised release and REMAND for resentencing. In all other aspects, we AFFIRM the district court's judgment of conviction and sentence.

Conviction AFFIRMED; sentence VACATED and REMANDED in part.