IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30684
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH LEE DERUISE, also known as T T;
FREDERICK D. STEMLEY,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Eastern District of Louisiana
USDC No. 98-CR-225
_____
December 6, 2001

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[1]

Kenneth Deruise and Frederick Stemley were convicted of one count of conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court denied their motions for judgment of acquittal and for a new trial. Deruise was sentenced to three years' probation and a $2000 fine. Stemley was sentenced to sixty-three months' imprisonment, five years' supervised release, and a $3000 fine. We affirm both

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions, but vacate Stemley's sentence and remand for resentencing.

I

On appeal, the defendants contend that the district court erred in failing to grant their Rule 29 motions for acquittal based on insufficient evidence, and that there was a material variance between the indictment and the evidence at trial. They also argue that the district court erred in admitting into evidence 103 pounds of marijuana that FBI agents seized on September 8, 1998, after the conspiracy charged in the indictment had ended[2] and after the indictment was returned.[3]

Deruise claims that the district court allowed improper impeachment of him. On cross-examination, Deruise testified that he had used marijuana only once. The district court allowed the prosecutor to elicit rebuttal testimony from New Orleans policemen who said that they had arrested Deruise twice for possession of marijuana in August 1998, although neither arrest resulted in a conviction. Further, Stemley argues that the district court erred under Apprendi v. New Jersey, 530 U.S. 466 (2000), in imposing a sentence above the statutory maximum in the absence of a jury finding as to the quantity of marijuana involved, and that the

---

[2]The indictment charged a conspiracy between the dates of "about May 1998, and continuing through July 1998."

[3]The indictment was returned on September 4, 1998.

2

district court sentenced him for more marijuana than he is accountable for under the sentencing guidelines.

## II

### A

We begin with the Rule 29 motions for acquittal. We review the denial of a Rule 29 motion de novo. United States v. Restrepo, 994 F.2d 173, 182 (5th Cir. 1993).

To prove a conspiracy under 21 U.S.C. § 846 in this case, the government must show: (1) the existence of an agreement between two or more persons to possess and distribute drugs in violation of federal narcotics laws; (2) that the defendant knew of the agreement; and (3) that the defendant voluntarily participated in the agreement. United States v. Gallo, 927 F.2d 815, 820 (5th Cir. 1991) (citations omitted). These elements may be proved by circumstantial evidence, and "[c]ircumstances altogether inconclusive, if separately considered, may, by their number and joint operation . . . be sufficient to constitute conclusive proof." United States v. Roberts, 913 F.2d 211, 218 (5th Cir. 1990) (quotation marks and citations omitted).

In sum, the government's principal evidence against Deruise, that is, the evidence to prove that he was part of a conspiracy to possess and distribute marijuana, consisted of: testimony from an FBI agent and a co-conspirator that the word "t-shirt" as used in the recorded conversations was one of the code words for cocaine or

3

marijuana; that Deruise called Norman Scott and asked for "t-shirts" or otherwise sought drugs through code words; and that Deruise arranged to purchase one pound of marijuana and requested an additional three pounds. Deruise insists that he asked for t-shirts because he really wanted t-shirts.

The jury heard all the evidence and could reasonably conclude that Deruise was knowingly involved in a conspiracy to possess and distribute marijuana. A co-conspirator "need not know all the details of the unlawful enterprise, or know the exact number and identity of all the co-conspirators, so long as in some fashion he or she knowingly participates in the larger conspiratorial objectives." United States v. Greenwood, 974 F.2d 1449, 1456 (5th Cir. 1992). We have held that the common goal of deriving personal gain from the illicit business of buying and selling cocaine constitutes a single conspiracy. See United States v. Morris, 46 F.3d 410, 415 (5th Cir. 1995). There was sufficient evidence to show that Deruise shared such a common goal, and that he voluntarily agreed with Scott to possess and distribute marijuana. We therefore affirm his conviction.

B

Stemley also filed a Rule 29 motion for acquittal, which the district court denied. The evidence against Stemley is strong. The government presented evidence that (1) Stemley placed eleven phone calls to Scott, one of which related to purchasing

4

"chickens," a code word for marijuana, and others relating to leaving drug money for Scott to pick up or paying drug money to Scott directly; (2) Stemley purchased two pounds of marijuana from Scott on July 5, 1998; (3) Stemley purchased five pounds of marijuana from Scott on July 22; (4) Stemley arranged to leave drug profits at Scott's home for another person to pick up; and (5) three co-conspirators testified that they had seen Stemley and Scott together.

The evidence is clearly sufficient to permit a rational jury to find him guilty as a participant in a conspiracy to possess and distribute drugs in violation of federal narcotics law. We therefore find no error in the district court's denial of Stemley's Rule 29 motion.

### III

Deruise also argues that the district court allowed improper impeachment testimony of him relating to alleged previous possession of marijuana. Although we have doubts as to the admissibility of this testimony under Federal Rules of Evidence 403 and 404, we hold that it was harmless given the other evidence against Deruise.

### IV

Deruise and Stemley further contend that the district court abused its discretion in admitting into evidence the 103 pounds of marijuana seized on September 8, 1998. They argue this was not

relevant evidence under Federal Rule of Evidence ("FRE") 401, and that it was unduly prejudicial evidence of other bad acts under Federal Rules of Evidence 403 and 404(b) and United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc). The defendants objected to the admission of this evidence at trial, and we review the district court's evidentiary ruling on this matter for an abuse of discretion. United States v. Navarro, 169 F.3d 228, 232 (5th Cir. 1999), cert. denied, 528 U.S. 845 (1999).

"'Other act' evidence is 'intrinsic' when the evidence of the other act and evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." United States v. Williams, 900 F.2d 823, 825 (5th Cir. 1990). Such evidence is admissible to complete the story of a crime by proving the immediate context of events in time and place. United States v. Kloock, 652 F.2d 492, 494-95 (5th Cir. 1981). Intrinsic evidence does not implicate Rule 404(b), and "consideration of its admissibility pursuant to Rule 404(b) is unnecessary." United States v. Garcia, 27 F.3d 1009, 1014 (5th Cir.), cert. denied, 513 U.S. 1009 (1994). We believe this evidence was intrinsic, in that it was part of the single conspiracy to possess and distribute marijuana charged by the government, i.e., part of a "single criminal episode." Although the indictment charged a conspiracy from May through July 1998,

6

evidence seized after these dates can be probative of that conspiracy. Thus there is no need to consider FRE 404(b). Further, although the evidence here was seized after the return of the indictment, we have previously upheld the admission of evidence seized after the alleged conspiracy had ended and the indictment had been returned. See United States v. Navarro, 169 F.3d 228, 231-33 (5th Cir. 1999). Thus it was not an abuse of discretion to admit the marijuana simply because it was seized after the return of the indictment.

We must also consider whether the admission of the marijuana into evidence was unduly prejudicial under FRE 403. The parties point to United States v. Torres, 685 F.2d 921 (5th Cir. 1982) and to Navarro. In Torres, the district court admitted evidence of "sample transactions" that occurred prior to the dates alleged in the indictment, because the evidence of the sample transactions and the evidence of the charged conspiracy were "inextricably intertwined" and formed a "natural and integral" part of the surrounding circumstances. 685 F.2d at 924. In Navarro, the district court admitted evidence of drugs seized in January 1997, even though the alleged conspiracy ended in September 1996. The court concluded that the 1997 evidence "demonstrated the structure of the drug organization, as well as the continuing contact between" the defendants. 169 F.3d at 233.

7

The evidence here was part of the single conspiracy alleged, and demonstrated its nature and scope. It was probative, and given its intrinsic nature was not unduly prejudicial. We hold that the district court did not abuse its discretion in admitting this evidence.

V

The defendants also assert that there was a material variance between the indictment and the evidence presented at trial, and that they were prejudiced by this. The second superseding indictment alleged that the defendants conspired "with each other and with other persons known and unknown to the Grand Jury . . . ." The defendants claim that at most the government proved individual two-person conspiracies, and not the umbrella conspiracy alleged in the indictment. The defendants raised this objection at trial. "To prevail on a material variance claim, these defendants must prove (1) a variance between the indictment and the proof at trial, and (2) that the variance affected their substantial rights." United States v. Morgan, 117 F.3d 849, 858 (5th Cir.), cert. denied, 522 U.S. 987 (1997).

"With variance, our concern is whether the indictment, assuming it has otherwise alleged the elements of the offense, has so informed a defendant that he can prepare his defense without surprise and has protected him against a second prosecution for the same offenses." United States v. Cochran, 697 F.2d 600, 604 (5th

8

Cir. 1983) (citation omitted). The indictment in this case informed the defendants of the charge of conspiracy to possess and distribute marijuana, the dates of the conspiracy and the identity of the other named defendants. We are convinced that the defendants in this case were sufficiently informed of the nature of the case and were protected against a second prosecution.

Additionally, whether the evidence shows one or multiple conspiracies is a question of fact for the jury. Morgan, 117 F.3d at 858. The evidence and analysis in Part II of the opinion demonstrate that the jury could reasonably find one conspiracy. We therefore hold that there was no material variance between the indictment and the proof at trial.

VI

Stemley also contends that the district court erred in sentencing him, and raises three sentencing issues. "We review factual findings made by a district court for sentencing purposes under the clearly erroneous standard, and review the district court's legal application of the United States Sentencing Guidelines [] de novo." United States v. Franklin, 148 F.3d 451, 459 (5th Cir. 1998). However, Stemley failed to object to the Presentence Investigation Report's ("PSR") or the district court's marijuana calculations at the sentencing hearing. When a defendant raises a sentencing issue for the first time on appeal, we review

9

for plain error only.  United States v. Vasquez-Zamora, 253 F.3d 211, 213 (5th Cir. 2001).

A

Stemley first contends that the district court miscalculated the quantity of marijuana delivered to Scott.  The district court accepted the PSR's finding that Alexander Cruz delivered 375 pounds of marijuana to Scott.  However, at trial Cruz only testified to delivering between 290 and 310 pounds of marijuana, and Eugene Haynes testified to delivering four pounds of marijuana to Scott.  Even if this is an error, it is harmless.  Under the United States Sentencing Guidelines, 375 pounds of marijuana and 314 pounds of marijuana (or 170.1 kilograms and 142.4 kilograms, respectively) fall under the same sentencing level.  See U.S.S.G. § 2D1.1(c) (Drug Quantity Table) (offenses involving between 100 kilograms and 400 kilograms of marijuana fall under Level 26).

B

Stemley also contends that the district court erred in holding him accountable for the total quantity of drugs attributable to the conspiracy.  However, when sentencing a defendant involved in a drug trafficking conspiracy, the quantity to be considered for sentencing purposes includes both the drugs with which the defendant was directly involved and the drugs that can be attributed to him through the conspiracy.  United States v. Brito, 136 F.3d 397, 415 (5th Cir.), cert. denied, 523 U.S. 1128, 524 U.S.

10

962, 525 U.S. 867 (1998). Additionally, "involvement in a conspiracy is presumed to continue and will not be terminated until the co-conspirator acts 'affirmatively to defeat or disavow the purpose of the conspiracy.'" United States v. Pofahl, 990 F.2d 1456, 1484 (5th Cir.), cert. denied, 510 U.S. 898, 996 (1993). There is no evidence that Stemley acted to withdraw from the conspiracy. We hold that the district court did not err in holding Stemley accountable for the total quantity of marijuana attributable to the conspiracy.

C

The government concedes that Stemley's sentence must be modified in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). "If the government seeks enhanced penalties based on the amount of drugs . . . , the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt . . . ." United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000) (applying Apprendi). This Court has clarified that "[t]he decision in Apprendi was specifically limited to facts which increase the penalty beyond the statutory maximum . . . ." Id. at 166. The government's position at trial was that the conspiracy involved approximately 1000 pounds (or 453.6 kilograms) of marijuana, which would have resulted in a prison term of at least five but not more than forty years. See 21 U.S.C. § 841(b)(1)(B)(vii) ("In the case of a violation . . . involving . .

11

. 100 kilograms or more of . . . marijuana . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years.".).

Because this drug quantity was not alleged in the indictment, the government concludes that the maximum term of imprisonment would be sixty months followed by at least two years of supervised release, consistent with an unspecified quantity of marijuana in the indictment. See 21 U.S.C. § 841(b)(1)(D) ("In the case of less than 50 kilograms of marihuana, . . . such person shall . . . be sentenced to a term of imprisonment of not more than 5 years."). Because Stemley was sentenced to sixty-three months' imprisonment and five years' supervised release, the government agrees that Stemley's sentence is the result of plain error and must be modified accordingly.

IV

We AFFIRM Deruise's and Stemley's convictions, but VACATE Stemley's sentence and REMAND for resentencing consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART