IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50793
c/w No. 01-50807
c/w No. 01-50808
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICKEY PADILLA,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-77-ALL-SS
USDC No. A-96-CR-2-ALL-SS
USDC No. A-94-CR-150-2-SS
--------------------
September 27, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Rickey Padilla, currently federal prisoner # 11398-075,
appeals his guilty-plea conviction and sentence for distribution
of methamphetamine (the drug case) and the revocation of
supervised release on his convictions for being a felon in
possession of a firearm (the firearm case) and for escape (the
escape case).  He asserts that the Government breached the plea

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 01-50793
c/w No. 01-50807
c/w No. 01-50808
-2-

agreement in the drug case by allowing him to be sentenced for relevant conduct. He has not shown that his interpretation of the plea agreement was "reasonable." See United States v. Cantu, 185 F.3d 298, 304 (5th Cir. 1999).

Padilla maintains that the superseding information in the drug case is invalid because it fails to list essential elements of the offense. The information fairly informed Padilla of the charges against him and is sufficient to bar future prosecution for the same offense. United States v. Garrett, 984 F.2d 1402, 1415 (5th Cir. 1993). A failure to allege drug quantity in the charging instrument does not divest the district court of jurisdiction in the case. United States v. Longoria, 298 F.3d 367, 372 (5th Cir. 2002). The failure to allege a penalty provision does not in itself deprive the trial court of jurisdiction to sentence the defendant. See United States v. Cooper, 274 F.3d 230, 235-36, 241 (5th Cir. 2001).

Padilla maintains that the district court considered relevant conduct in sentencing him in the drug case, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). As long as the sentence does not exceed the statutory maximum, the district court is authorized to determine the relevant drug quantity for Sentencing Guideline purposes. United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001). As Padilla's sentence did not exceed the statutory

No. 01-50793
c/w No. 01-50807
c/w No. 01-50808
-3-

maximum, the district court did not plainly err in imposing sentence. United States v. Vasquez-Zamora, 253 F.3d 211, 213 (5th Cir. 2001).

Padilla also contends that the district court failed to make specific factual findings to the relevant conduct in the drug case, despite his objection. Because Padilla made only an unsworn objection to the presentence report (PSR), the district court could rely on the PSR as evidence at sentencing. See United States v. Lghodaro, 967 F.2d 1028, 1030 (5th Cir. 1992); United States v. Alford, 142 F.3d 825, 831-32 (5th Cir. 1998).

Padilla maintains that he received ineffective assistance in the drug case because counsel failed to investigate the relevant case law pertaining to the breach of the plea agreement and his excessive sentence. The record has not been adequately developed to consider these ineffective-assistance claims on direct appeal. See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).

Padilla asserts that the district court erred in running the sentences to be served upon revocation of supervised release consecutively. A district court has discretion to decide whether to run such terms consecutively or concurrently. United States v. Gonzalez, 250 F.3d 923, 927 (5th Cir. 2001). Padilla has not shown that the district court abused its discretion.

Padilla contends that the district court erred in reinstating the original indictment in the firearm case after an

No. 01-50793
c/w No. 01-50807
c/w No. 01-50808
-4-

earlier conviction in the case was overturned in a 28 U.S.C. § 2255 motion. As Padilla never challenged the validity of the reinstatement on direct appeal of that case or through a collateral challenge, he may not do so now through his appeal of the revocation of supervised release. United States v. Moody, 277 F.3d 719, 720 (5th Cir. 2001).

Padilla contends that the district court erred in revoking his term of supervised release on the escape case because the three-year period had run at the time he committed the offense giving rise to the revocation. The supervised-release term did not run while Padilla was in prison on the firearm charge. 18 U.S.C. § 3624(e). Padilla's conviction and sentences are AFFIRMED.