# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2007

Charles R. Fulbruge III
Clerk

No. 06-20966
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID DUQUE, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-239-ALL

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

David Duque, Jr., appeals his guilty-plea conviction and 168-month sentence for one count of bribery of a public official, in violation of 18 U.S.C. § 201(b)(2)(A) and (C), and his concurrent 60-month sentence for three counts of unlawful use or transfer of identification documents, in violation of 18 U.S.C. § 1028(a)(3). Duque presents three arguments on appeal, all of which pertain to his sentence.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record shows that Duque admitted to a single incident of assisting in the transport of approximately 4.8 kilograms of cocaine through the checkpoint to which he was assigned while employed as an agent with the United States Border Patrol Service. Duque also admitted to the illegal sale of identification documents on several occasions.

During Duque's sentencing hearing, the Government called FBI Special Agent Peter Hanna to testify regarding Duque's other relevant conduct. Agent Hanna testified that he received information from four confidential sources regarding other illegal acts committed by Duque. One of the sources revealed to Agent Hanna that Duque assisted in getting 15 kilograms of cocaine through his checkpoint in 2002, and approximately another 25 kilograms of cocaine, along with marijuana, through his checkpoint in 2003. The other sources provided information about additional illegal activities by Duque, including at least two other occasions of allowing narcotics through his checkpoint. Agent Hanna also testified that Duque agreed to take a polygraph test, the results of which showed that Duque showed deception regarding whether there were other occasions on which he received money for allowing things to come through the checkpoint to which he was assigned.

Duque's presentence report (PSR) calculated his base offense level at 36 because his offense was committed for the purpose of facilitating a drug offense, and due to his involvement with at least 51.8 kilograms of cocaine and 5,080.3 kilograms of marijuana. See U.S.S.G. §§ 2C1.1(c) and 2D1.1. Duque argues that his base offense level should have been only 30 because he only admitted to helping transport 4.8 kilograms of cocaine. By increasing his base offense level from 30 to 36, Duque notes, his sentencing range under the Sentencing Guidelines (after adjustment for acceptance of responsibility) was increased from 70-97 months to 135-168 months.

According to Duque, the district court's imposition of a 168-month sentence was therefore unreasonable because it was calculated by using relevant

conduct that he did not admit to and that was not proven beyond a reasonable doubt. Duque also contends that the district court did not adequately articulate its reasons pursuant to 18 U.S.C. § 3553(a) for imposing his sentence.

Following Booker, sentences are reviewed for unreasonableness. United States v. Booker, 543 U.S. 220, 261-63 (2005). A sentence imposed with a properly calculated guidelines range is presumed reasonable. The use of such a presumption was recently upheld by the Supreme Court in Rita v. United States, 127 S.Ct. 2456, 2462 (2007). It will be rare for a reviewing court to say that a sentence within a properly calculated guidelines range is unreasonable. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

The record in the present matter shows that the district court adequately articulated its reasons under 18 U.S.C. § 3553(a) for imposing Duque's sentence. Duque has not shown that the district court erred concerning his relevant conduct, and has failed to rebut the presumption that his sentence was reasonable.

Duque concedes that his second argument is foreclosed, but he wishes to preserve it for further appellate review. He contends that his right of confrontation was violated because he was not afforded an opportunity to confront the four confidential sources whose information was presented to the district court through the hearsay testimony of Agent Hanna. As Duque admits, this court has rejected a confrontation right at sentencing hearings. United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006), citing Crawford v. Washington, 541 U.S. 36 (2004). In Beydoun, this court further held that there is no Crawford violation when hearsay testimony is used at sentencing, rather than at trial. Beydoun, 469 F.3d at 108. Under existing case law, Duque's argument is without merit.

Duque's final argument is that the district court may have committed plain error by allowing Agent Hanna's hearsay testimony of the results of his polygraph examination to help show relevant conduct. Duque admits, however,

that he did not object to the testimony during the hearing, and would therefore have to show plain error.

To establish plain error, Duque must demonstrate (1) an error, (2) that is clear or plain, and (3) that affected his substantial rights. United States v. Vasquez-Zamora, 253 F.3d 211, 213 (5th Cir. 2001). Even if those elements are established, this court may exercise its discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).

As noted above, hearsay testimony is allowable at sentencing hearings. Beydoun, 469 F.3d at 108. Furthermore, there is no per se rule against admissibility of polygraph evidence. United States v. Posado, 57 F.3d 428, 431-36 (5th Cir. 1995). Nor do the Federal Rules of Evidence govern sentencing hearings. FED. R. EVID. 1101(d)(3); U.S.S.G. § 6A1.2(a). A defendant, however, does have the burden of showing that information relied upon at sentencing is materially untrue. United States v. Chavez, 119 F.3d 342, 349 (5th Cir. 1997).

Duque has failed to carry that burden. Moreover, he admits in his brief that neither he nor the Government argued the results of the polygraph test during the sentencing hearing, and the district court made no reference to the polygraph in announcing his sentence. Duque has thus also failed to show that his substantial rights were affected by admission of Agent Hanna's testimony about the polygraph test during the sentencing hearing to show relevant conduct.

Accordingly, the decision of the district court is AFFIRMED.