# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-50971

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELLIE MARIE SCHOROVSKY,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

January 25, 2000

Before POLITZ, GARWOOD, and DAVIS, Circuit Judges.

POLITZ, Circuit Judge:

Shellie Marie Schorovsky appeals her sentence following a plea of guilty to distribution of heroin and conspiracy to possess with intent to distribute heroin. For the reasons assigned, we vacate and remand for re-sentencing.

## BACKGROUND

Schorovsky and her husband lived in an auto repair shop owned by Sammy Enriquez. The couple, both heroin addicts, sold heroin from the shop for Enriquez in return for their housing and daily fixes of heroin. A few months after the couple moved into the shop, an undercover surveillance operation began. On March 19, 1997, a confidential informant purchased 1.22 grams of heroin from Enriquez at the shop. The informant returned to the shop on April 1, 1997, and negotiated another

purchase. Enriquez and his common law wife, Dianna Lujan, instructed Schorovsky to make the sale. Schorovsky met with the informant at a predetermined location and sold him 5.4 grams of heroin.

Later that same month, Schorovsky became very ill from her addiction. She called her mother-in-law, Darla Sanders, and told her that she wanted to "get away." Sanders drove to the shop to pick up the couple. Lujan followed Schorovsky and her husband to Sanders' vehicle and told them that if they left they could not return. Schorovsky and Lujan had a heated verbal exchange during which Schorovsky told Lujan that she was leaving and did not want anything else to do with them.

Enriquez continued to operate the illegal activity. Between October and December 1997 police seized an additional 221.41 grams of heroin from Enriquez and his co-conspirators. The bulk of the seizure, 147.98 grams, resulted from the arrest of Rene Anaya-Hernandez and Veronica Gomez-Melendez on December 9, 1997.

Schorovsky enrolled in a drug rehabilitation center after leaving the auto repair shop. Upon her release from rehabilitation, she resided with friends and off-and-on with her husband until her arrest in January 1998. From the time she left the shop to her arrest nine months later, Schorovsky had no contact whatsoever with the conspirators, nor did she use heroin.

Schorovsky entered a plea of guilty to distribution of heroin and conspiracy to possess with intent to distribute heroin. At the sentencing hearing the government conceded that the amount of heroin actually delivered by Schorovsky was 5.4 grams. The amount of heroin attributed to the conspiracy after Schorovsky left the shop in April, however, exceeded 200 grams. In assessing her sentence the trial court held Schorovsky responsible for the additional 200+ grams of heroin. Schorovsky objected, claiming that she withdrew from the conspiracy in April

2

1997, prior to the bulk of heroin sales by the conspiracy. She also contended that she did not reasonably foresee sales in these amounts. The district court, although crediting her evidence, overruled her objections and imposed concurrent sentences of sixty months for each count. This appeal followed.

## ANALYSIS

On appeal Schorovsky contends that the district court clearly erred in attributing more than 200 grams of heroin to her as relevant conduct in the calculation of her base offense level. She maintains that she withdrew from the conspiracy prior to the seizure of the additional 200+ grams. Schorovsky further claims that, even if she did not effectively withdraw from the conspiracy, she could not have reasonably foreseen the amount of heroin trafficked by the organization after her departure.

Factual findings made by a district court in its determination of a defendant's relevant conduct for sentencing purposes are reviewed under the clearly erroneous standard.[1] We have held that "a factual finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2]

The offense level of a defendant convicted of drug trafficking is determined by the quantity of drugs involved in the offense.[3] The quantity includes drugs with which the defendant was directly involved and drugs that can be attributed to the defendant as part of her relevant conduct under U.S.S.G. § 1B1.3(a)(1)(B).[4] The commentary to § 1B1.3 notes that a defendant's relevant conduct does not include

---

[1]**United States v. Puig-Infante**, 19 F.3d 929 (5th Cir.), *cert. denied*, 513 U.S. 864 (1994).

[2]**United States v. Hill**, 42 F.3d 914, 918 (5th Cir.) (citation omitted), *cert. denied*, 516 U.S. 843 (1995).

[3]U.S.S.G. § 2D1.1(a)(3).

[4]**United States v. Carreon**, 11 F.3d 1225 (5th Cir. 1994).

the conduct of the members of a conspiracy before the defendant joins the conspiracy, even if the defendant knows of such conduct.[5] Although the Guidelines are silent on the matter, we believe it is logical to infer that the conduct of conspirators after a defendant withdraws from the conspiracy likewise is excluded from the defendant's relevant conduct for sentencing purposes.

A defendant is presumed to continue involvement in a conspiracy unless she makes a "substantial affirmative showing of withdrawal, abandonment, or defeat of the conspiratorial purpose."[6] To establish withdrawal a defendant bears the burden of demonstrating affirmative acts inconsistent with the object of the conspiracy that are communicated in a manner reasonably calculated to reach conspirators.[7]

In the case at bar the evidence establishes that Schorovsky told Lujan that she wished to cease involvement with the conspiracy when she left the repair shop in April 1997. The evidence also clearly establishes that Schorovsky made no attempt whatsoever to rejoin the conspiracy or communicate with its members after her departure. Further, Schorovsky entered drug rehabilitation shortly after leaving the repair shop and stopped using heroin. Upon review of the entire evidence, we are left with the definite and firm conviction that a mistake was committed by the district court when it concluded that Schorovsky did not effectively withdraw from the conspiracy. We conclude that Schorovsky met her burden by establishing that she affirmatively acted inconsistent with the object of the conspiracy when she left the repair shop and told Lujan that she wanted nothing else to do with the conspiracy. Because Lujan was a major player in the conspiracy and the common

---

[5]U.S.S.G. § 1B1.3, comment (n.2).

[6]**Puig-Infante**, 19 F.3d at 945 (citation omitted).

[7]**Id.**

4

law wife of the conspiracy's leader, we are persuaded that Schorovsky's desire to withdraw from the conspiracy was communicated in a manner reasonably calculated to reach the other conspirators.

We conclude and hold that Schorovsky's relevant conduct does not include the amount of drugs trafficked by the conspirators after she effectively withdrew from the conspiracy in April 1997. Because the scope of the conspiracy in which Schorovsky was involved ended upon her withdrawal, the trafficking of 200+ grams of heroin after her departure was not reasonably foreseeable. It therefore was clear error to include the 200+ grams of heroin in Schorovsky's relevant conduct at sentencing.

The sentence appealed is VACATED and the matter is REMANDED for re-sentencing.