United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30544
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JILMAR OVANDO-CANDELO, also known as Jilmar Candelo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-137-2-C
--------------------

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jilmar Ovando-Candelo appeals his sentence following his guilty plea of conspiring to possess with the intent to distribute approximately five kilograms of heroin. Ovando-Candelo argues that the district court should not have held him accountable for the heroin that was found on a vessel because the district court should have taken into consideration the lack of evidence to show that he was aware of the heroin on the vessel.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The factual basis for Ovando-Candelo's guilty plea stated that, if called, one of Ovando-Candelo's co-conspirators, who, with Ovando-Candelo, was present when the heroin changed hands, would have testified that the seized quantity of heroin was delivered as a show of good faith, that more drugs remained on the vessel, and that, at the co-conspirator's direction, agents found approximately 3.2 additional kilograms of heroin on the vessel. Because the offense level is determined by the quantity of drugs involved in the offense, Ovando-Candelo has not shown that the district court clearly erred in including the heroin found on the vessel in the offense conduct. See United States v. Schorovsky, 202 F.3d 727, 729 (5th Cir. 2000); United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998).

Ovando-Candelo also argues that the district court clearly erred in denying a downward adjustment for his being a minor participant because he had a limited role in the offense, was not aware of the total amount of drugs, and was not the purchaser of the drugs. The district court's refusal to grant Ovando-Candelo a two level reduction for being a minor participant was not clearly erroneous. See United States v. Virgen-Moreno, 265 F.3d 276, 296 (5th Cir. 2001). The large quantity of heroin that Ovando-Candelo was transporting strongly supports the denial of a reduction for being a minor participant. See United States v. Rojas, 868 F.2d 1409, 1409-10 (5th Cir. 1989). Furthermore, the district court was not required to accept Ovando-Candelo's

account of his role in the drug trafficking scheme.  See United
States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).  The
district court's judgment is AFFIRMED.