United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10109
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD CHARLES SWINEY, also known as BG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-78-9-N
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronald Charles Swiney appeals his sentence following his plea of guilty to three counts of distribution of cocaine base. Relying on Blakely v. Washington, 124 S. Ct. 2531 (2004), Swiney argues that he was sentenced based on a drug quantity determination that was not based on his admitted conduct or determined by a jury beyond a reasonable doubt. Swiney has acknowledged that this court's recent decision in United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cert. filed, (U.S. July 14, 2004) (No. 04-5263), forecloses this issue.

Swiney also argues that the district court erred by attributing to him the amounts of cocaine base sold by his co-defendants. See U.S.S.G. § 1B1.3. He argues that the Government failed to establish that he agreed to a jointly undertaken criminal activity or that his co-defendants' drug sales were within the scope of any such agreement. We review a district court's drug-quantity finding for clear error. United States v. Schorovsky, 202 F.3d 727, 729 (5th Cir. 2000). The district court did not clearly err in finding that Swiney was engaged in a jointly undertaken criminal activity and that the other gang members' drug sales were reasonably foreseeable acts in furtherance of this activity. See § 1B1.3(a)(1)(B).

Swiney also challenges the Government's method of calculating the amount of drugs attributed to each defendant. The district court is not limited to the actual quantity of drugs seized but may estimate the quantity of drugs attributable to the defendant. See United States v. Medina, 161 F.3d 867, 876 (5th Cir. 1998). Facts contained in the PSR are considered reliable and may be adopted without further inquiry if they have an adequate evidentiary basis and the defendant fails to present rebuttal evidence. See United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999). We conclude that the district court did not clearly err in adopting the facts contained in the PSR and

presented at sentencing; these facts had an adequate evidentiary basis and, although he challenged the Government's version of the facts, Swiney failed to present any evidence in rebuttal.

Swiney also asserts that the district court erred by imposing a two-level enhancement for possession of a dangerous weapon. See U.S.S.G. § 2D1.1(b)(1). The district court's decision to apply § 2D1.1(b)(1) is a factual determination subject to review for clear error. United States v. Devine, 934 F.2d 1325, 1339 (5th Cir. 1991). We conclude that the district court did not clearly err in determining that Swiney could reasonably foresee his co-conspirators' possession of firearms as tools of the drug-trafficking trade. United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990).

Swiney also argues that the district court erred by finding him ineligible for a two-level reduction under the "safety valve" provisions of U.S.S.G. § 2D1.1(b)(6). As part of his plea agreement, Swiney waived "the right to appeal his sentence on any ground," with certain exceptions that are inapplicable here. Swiney was properly advised of the terms of this waiver at rearraignment, and we conclude that he agreed to the waiver knowingly and voluntarily. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994); FED. R. CRIM. P. 11(b)(1)(N). Therefore, we will uphold the waiver provision and we not consider this issue.

AFFIRMED.