E. GRADY JOLLY, Circuit Judge,
dissenting in part:
I respectfully dissent from the majority’s finding of Booker error based on the district court’s application of the 2002 version of the Guidelines. I would affirm Freeman’s sentence: No Booker error exists because whether the conspiracy continued until the effective date of the 2002 Guidelines is in this case a question of law, not a question of fact.
The Guidelines provide that the court apply the version of the Guidelines in effect on the date that the defendant is sentenced; if such use implicates the Ex Post Facto clause of the Constitution, the court is directed to apply the version in effect on the date the offense of conviction was committed. USSG § 1B1.11. Because the 2002 Guidelines became effective on November 1, 2001, the proper inquiry in this case is whether the offense of conviction, the criminal conspiracy, was committed before, on or after, November 1, 2001.
The indictment filed against Freeman on February 28, 2002 alleged a conspiracy “[bjeginning in or about March 1997, and continuing to the present .... ” Thus, the indictment clearly alleged that the offense of conviction was committed when the 2002 Guidelines applied. The jury returned a general verdict finding Freeman guilty of the offense charged in the indictment. I would hold that the jury’s general verdict against Freeman on the count alleged in the indictment is sufficient to affirm the district court’s sentence. No Booker error exists because Freeman was sentenced on the jury’s finding that he was guilty of participating in a criminal conspiracy that continued until at least February 28, 2002.
The majority, however, relies on the jury instructions to conclude that the jury’s verdict is insufficient to establish that the conspiracy continued past the effective date of the 2002 Guidelines. The jury was instructed in relevant part:
It is not essential that the Government proved that the conspiracy started and ended on those specific dates. Indeed it is sufficient if you find that in fact a conspiracy was formed and that it existed for some time within the period set forth in the Indictment and that at least one overt act was committed to further *383 the conspiracy within that period of time.
Such an instruction, according to the majority, did not require that the jury find the end date of the conspiracy beyond a reasonable doubt. The majority further reads this instruction to mean that the fact of conviction does not necessarily establish that the jury found the commission of any overt acts on or after November 1, 2001.[1] Panel Opinion at 380-81. Assuming that the majority is correct, I cannot agree with the majority’s conclusion that the district court must have found facts in order to determine that the conspiracy continued after November 1, 2001, resulting in Booker error. Panel Opinion at 380-81.
As a matter of law, a conspiracy continues until the evidence affirmatively shows that the conspirators terminate the alleged conspiracy, or with respect to conspirators individually, until the conspirators withdraw.[2] The unchallenged affirmative evidence establishes that the defendant’s scheme and the purposes underlying the scheme continued well past November 1, 2001. Furthermore, with respect to the defendant, “[a] defendant is presumed to continue involvement in a conspiracy unless she makes a ‘substantial affirmative showing of withdrawal, abandonment, or defeat of a conspiratorial purpose.’ ” United States v. Schorovsky, 202 F.3d 727, 729 (5th Cir.2000) (quoting United States v. Puig-Infante, 19 F.3d 929, 945 (5th Cir.1994)). None of these events ever occurred before the return of the indictment. “To establish withdrawal a defendant bears the burden of demonstrating affirmative acts inconsistent with the object of the conspiracy that are communicated in a manner reasonably calculated to reach conspirators.” Id. Freeman never claimed that he withdrew from the conspiracy. As such, his guilt of engaging in a criminal conspiracy continued as a matter of law through the time of the indictment. The district court, therefore, did not commit Booker error by concluding that the conspiracy continued through the effective date of the 2002 Guidelines.
For the foregoing reasons, I would affirm Freeman’s sentence[3] and, for that reason, I respectfully dissent.

. In fact, the jury instructions do not require that the jury find any specific date for any overt act. The majority’s reliance on the jury instruction to explain that the jury could not have found an overt act to have occurred after November 1, 2001 is misplaced. Because the jury returned a general verdict, we do not know whether the jury may have relied on an unalleged overt act not appearing in the indictment.

. See 4 Wharton’s Criminal Law § 688 (15th ed.) ("A conspiracy is terminated when its purpose has been accomplished, i.e., the target offense has been committed, or when the conspirators agree to abandon their criminal purpose; thereafter, no act or declaration of a former conspirator can be attributed to another.”); see also United States v. Mayes, 512 F.2d 637, 642-43 (6th Cir.1975) ("A conspiracy is completed when the intended purpose of the conspiracy is accomplished. But where a conspiracy contemplates a continuity of purpose and continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated[.]”).
Further, as Judge Jones recently noted in United States v. Olis,
[tjhis court has held that conspiracy "is a continuing offense” and that “[s]o long as there is evidence that the conspiracy continued after the effective date of the [amendments to the] guidelines, the Ex Post Facto Clause is not violated.” Moreover, unless a conspirator effectively withdraws from the conspiracy, he is to be sentenced under the amendments to the guidelines, even if he did not commit an act in furtherance of the conspiracy after the date of the new guidelines[.]
429 F.3d 540, 544-45 (5th Cir.2005) (second and third alterations in original) (citation omitted) (quoting United States v. Buckhalter, 986 F.2d 875, 880 (5th Cir.1993)).

. The real question at issue here is whether Freeman’s sentence under the 2002 Guidelines violates the Ex Post Facto clause of the Constitution. The Sixth Amendment is only incidental to that question, implicated only if we determine that the sentence violates the Ex Post Facto clause. Because I would find, as explained supra, that the offense continued past the effective date of the 2002 version of the Guidelines, the Ex Post Facto clause of the Constitution is not violated by the application of the 2002 Guidelines to Freeman’s sentence.