IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-20194
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BONIFACIO HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-89-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bonifacio Hernandez appeals the sentences imposed following his guilty-plea convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846 and 18 U.S.C. § 2. He argues that the district court clearly erred in calculating the amount of drugs attributable to him as relevant conduct under United States Sentencing Guidelines § 1B1.3 and that the district court erred in failing to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

make the necessary finding of the scope of his agreement with his co-conspirators. We review the district court's drug quantity calculation for clear error. United States v. Schorovsky, 202 F.3d 727, 729 (5th Cir. 2000).

Hernandez claims that, in connection with the drug conspiracy, he was involved only with 9.9 kilograms of cocaine seized from a van occupied by his co-conspirators and that he had no knowledge of the 29.4 kilograms of cocaine that were seized by law enforcement officers from a residence at 8915 Alejo in Houston, Texas. The facts admitted by Hernandez during his rearraignment and contained in the presentence report established, however, that Hernandez met with his co-conspirators at a restaurant to discuss a cocaine deal, that he was present at the Alejo residence when 34.8 kilograms of cocaine were packaged for distribution, and that he stayed in the residence after the 9.9 kilograms were taken from the residence by others in the van. Hernandez's assertion that he was involved only with the 9.9 kilograms in the van is belied by the fact that he was not in the van when it was stopped and the fact that he stayed behind at the Alejo residence with a much larger amount of cocaine.

Given the undisputed facts before the district court, it was plausible from the record as a whole for the district court to find that Hernandez should be held accountable for the 24.9 kilograms of cocaine found in the Alejo residence. See § 1B1.3(a)(1) , comment. (n.2); Burton v. United States, 237 F.3d 490, 500 (5th Cir. 2000); United States v. Duncan, 191 F.3d 569, 577 (5th Cir. 1999). As it was not clearly erroneous for the district court to conclude that the cocaine found in the Alejo residence was within the scope of the jointly undertaken criminal activity by Hernandez and his co-conspirators, his sentences are AFFIRMED.