# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-51287
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CAMILO GASPAR CORONA-PLANCAR, also known as Gilberto Vigas Zavala

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6: 07-CR-4-6

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Camilo Gaspar Corona-Plancar (Gaspar) appeals the sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. He argues that the district court clearly erred in calculating the amount of drugs attributable to him for sentencing purposes. Gaspar argues that there was no reliable evidence that he and a codefendant agreed to undertake joint criminal activity and thus there was no basis for the district court's attribution to him of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more than 500 grams of methamphetamine. Gaspar asserts that the court erred in applying United States Sentencing Guidelines § 1B1.3 and improperly based its quantity conclusion on the unforseen conduct of a third party. We review the district court's drug quantity calculation for clear error. United States v. Schorovsky, 202 F.3d 727, 729 (5th Cir. 2000).

Gaspar concedes that he attempted to distribute 329.98 grams of methamphetamine but claims that he should not be held responsible for the 269.32 grams of methamphetamine distributed by his codefendant. Section 1B1.3 "includes two primary grounds on which to hold defendant accountable for conduct by others: subsection (a)(1)(B) for jointly undertaken criminal activity and subsection (a)(1)(A) for 'all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant.'" United States v. Carreon, 11 F.3d 1225, 1237 (5th Cir. 1994). In the instant case, Gaspar failed to rebut the finding in the PSR that his codefendant delivered 269.32 grams of methamphetamine for him. Accordingly, it would have been plausible for the district court to find that the codefendant's conduct was "counseled, commanded, induced, procured, or willfully caused by [Gaspar]." § 1B1.3(a)(1)(A).

Moreover, there was sufficient evidence from which the district court could have found that Gaspar personally was responsible for more than 500 grams of methamphetamine. The facts admitted by Gaspar at rearraignment and elicited at sentencing established that Gaspar delivered methamphetamine on multiple instances over the course of the conspiracy in which he admitted he was a participant. In the instant case, the district court could have inferred that Gaspar was responsible for more than 500 grams of methamphetamine based on extrapolation from the number of his deliveries and the amount of methamphetamine seized from Gaspar during one delivery (i.e., 329.98). See United States v. Medina, 161 F.3d 867, 876-77 (5th Cir. 1998).

Finally, the district court was not clearly erroneous in concluding that Gaspar and his codefendant participated in joint criminal activity and that his codefendant's possession of methamphetamine was reasonably foreseeable to him. The uncontradicted evidence established that Gaspar and his codefendant were responsible for distributing drugs on behalf of a drug organization that Gaspar acknowledged was a conspiracy. Furthermore, the evidence suggested that Gaspar and his codefendant possessed a collusive relationship consonant with cooperation rather than independence. Thus, it was plausible from the record as a whole for the district court to find that Gaspar should be held accountable for the 269.32 grams of methamphetamine that was distributed by his codefendant. See Burton v. United States, 237 F.3d 490, 500 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.