UNITED STATES of America, Plaintiff–Appellee,

v.

Esse Osameh MAZAHERI, also known as Esse O. Mazaheri, also known as Esee Osameh Mazaheri, also known as Osameh Mazaheri, Defendant–Appellant.

No. 16-50278
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed April 20, 2017

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, Jennifer Sheffield Freel, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, Austin, TX, for Plaintiff-Appellee

Philip J. Lynch, San Antonio, TX, Simon M. Azar-Farr, Esq., Simon Azar-Farr & Associates, San Antonio, TX, for Defendant-Appellant

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM: *

Esse Osameh Mazaheri appeals the sentence imposed following his jury conviction for conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Ma-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

zaheri argues that the district court erred by enhancing his offense level pursuant to U.S.S.G. § 3B1.1(a) for his role as an organizer or leader. He additionally asserts that the district court erred in holding him accountable for more than 700 kilograms of marijuana.

The district court's determination that a defendant is an organizer or leader under § 3B1.1(a) is a factual determination that we review for clear error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002) (per curiam). In determining a defendant's role in the offense, "a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error." *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). A factual finding is not clearly erroneous if it "is plausible in light of the record as a whole." *Id.* A close examination of the record in this case, including the transcript of the trial, shows that there was sufficient evidence to support the district court's leadership adjustment. Accordingly, the district court's finding that Mazaheri was a leader or organizer for the purposes of § 3B1.1(a) was not clearly erroneous.

We also review the district court's determination regarding the quantity of drugs for clear error. *United States v. Schorovsky*, 202 F.3d 727, 729 (5th Cir. 2000). In overruling Mazaheri's objection to the drug quantity, the district court found that "[t]here was substantial evidence at trial to substantiate that the amount between 700 kilograms to 1,000 kilograms of marijuana [was] being transported by Mr. Mazaheri as part of that conspiracy to distribute that he was involved in." Once again, a close examination of the record reveals that the district court's finding regarding the quantity of marijuana was "plausible in light of the record as a whole." *See Caldwell*, 448 F.3d at 290. Accordingly, the district

court's finding that Mazaheri was accountable for at least 700 kilograms of marijuana was not clearly erroneous.

AFFIRMED.