# United States Court of Appeals for the Fifth Circuit

No. 20-10822
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2021

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Melinda Smith,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:19-CR-363-8

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Raising three issues, Melinda Smith appeals the sentence imposed following her conviction of conspiring to possess methamphetamine with intent to distribute. Smith first avers that the district court erroneously assessed a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), because the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10822

government failed to prove that her co-conspirator's possession of a pistol was in furtherance of any jointly undertaken criminal activity, given that her co-conspirator discarded the pistol during a police chase one week after her arrest. In light of findings in the record showing that Smith gave the pistol to her co-conspirator, who acted at times as her distribution partner, and that Smith knew that the co-conspirator carried the pistol regularly, and given the absence of any affirmative acts showing Smith's withdrawal from the conspiracy, there was no error, plain or otherwise, in the application of the enhancement. *See United States v. Schorovsky*, 202 F.3d 727, 729 (5th Cir. 2000); *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990).

Smith contends, for the first time on appeal, that the district court plainly erred by failing to provide factual findings, per Federal Rule of Criminal Procedure 32(i)(3)(B), when it overruled her objection to the § 2D1.1(b)(1) enhancement. Application of the enhancement is supported by the presentence report ("PSR") and the PSR Addendum, and we have no reason to second-guess the sentencing decision. *See United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994). Accordingly, the district court did not clearly or obviously err. *See id.*; s*ee also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Smith posits that the district court erroneously assessed a two-level enhancement under § 2D1.1(b)(5), based on a finding that the methamphetamine was imported. She contends that there was insufficient evidence proving that the methamphetamine was imported and that the government failed to prove that she knew it was imported. Given the findings in the PSR and PSR Addendum, as well as the statement of Smith's co-conspirator, there was no error, plain or otherwise. *See United States v. Rico*, 864 F.3d 381, 386 (5th Cir. 2017); *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).

The judgment is AFFIRMED.