# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 00-51242
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMMY MOODY, also known as Tammy Hope,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

December 21, 2001

Before BALDOCK[*], SMITH and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Tammy Moody ("Moody") appeals her four-year supervised release term imposed by the district court upon revocation of her original term of supervised release. We hold that the district court properly imposed the four-year term under 18 U.S.C. § 3583(h).

Moody pleaded guilty to possession with intent to distribute 142 grams of methamphetamine

_____

[*]    Circuit Judge of the Tenth Circuit, sitting by designation.

in violation of 21 U.S.C. § 841(a)(1). The government sought an enhanced penalty under § 841(b)(1)(B) based on evidence establishing drug quantity. The district court sentenced Moody to forty-five months' imprisonment[1], to be followed by five years' supervised release. Moody served her prison sentence, and began her supervised release. Thereafter, the government moved to revoke her supervised release for violations of the terms of her release. After Moody pleaded true to the alleged violations, the district court revoked her supervised release, and imposed a nine-month imprisonment term, to be followed by a new term of four years' supervised release. Moody now appeals.

We will uphold a sentence after revocation of supervised release "'unless it is in violation of law or is plainly unreasonable.'" *United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000) (quoting *United States v. Mathena*, 23 F.3d 87, 89 (5th Cir. 1994)). Section 3583(h) authorizes a court, upon revocation of a defendant's supervised release, to impose a new term of supervised release to follow a term of imprisonment. Section 3583(h), however, limits the duration of supervised release a court can impose:

> The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h). The issue in this case is whether the district court imposed a term of supervised

---

[1]Although the mandatory minimum term of imprisonment under § 841(b)(1)(B) is five years, the district court imposed a shorter term in response to the government's motion stating that Moody provided "substantial assistance in the investigation or prosecution of another person who has committed an offense." *See* 18 U.S.C. § 3553(e) (authorizing court to impose a sentence below the statutory minimum based on substantial assistance); U.S. Sentencing Guidelines Manual § 5K1.1 (stating factors a court may consider in determining the length of a reduction based on substantial assistance).

release on Moody in excess of that permitted by § 3583(h). Specifically, we are asked to determine which statute, in addition to § 841(a)(1), governed the offense that resulted in Moody's original term of supervised release.

Moody contends that the relevant statute for her offense was 21 U.S.C. § 841(b)(1)(C), which authorizes no more than three years' supervised release. To support her claim, she relies on our decision in *United States v. Doggett*, 230 F.3d 160 (5th Cir. 2000), *cert. denied* 121 S. Ct. 1152 (2001). In *Doggett*, we held that drug quantities set forth in § 841(b) must be alleged in an indictment to trigger the escalating penalties associated with those quantities. *Id.* at 164-65. As a result, we held that defendants charged with unspecified drug quantities could only be sentenced using § 841(b)(1)(C). Because § 841(b)(1)(C) authorizes no more than three years' supervised release, Moody argues that her four-year term imposed by the district court must be vacated.

We find Moody's argument to be unavailing. Though Moody is correct that a defendant convicted today of possession of a drug quantity not specified in the indictment would be sentenced under § 841(b)(1)(C), that was not the state of the law at the time Moody was convicted and sentenced. Moody has never challenged the language of her indictment or the drug quantity used in calculating her original sentence, either by direct appeal or collateral review. She may not now use her new term of supervised release as a vehicle to do so. The only issue here is whether the district court looked to the proper statute to determine the maximum length of her new supervised release term. The plain language of § 3583(h) directs courts to look to the "statute for the offense *that resulted in the original term of supervised release*." § 3583(h) (emphasis added). At the time Moody was convicted, the district court sentenced her under § 841(b)(1)(B). *See* § 841(b)(1)(B) (authorizing supervised release term of "at least four years" for § 841(a) violations involving certain

drug quantities). The court determined Moody's guideline range to be four to five years, and ultimately sentenced her to five years. Thus, the maximum term of supervised release the district court could have imposed on Moody under § 3583(h) was five years less the nine months of incarceration, or four years and three months.

AFFIRMED.