IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10697
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LEE THOMPSON,
also known as Chief,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:92-CR-7-C
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Jerry Lee Thompson appeals the five-year term of imprisonment imposed following the revocation of his supervised release. He complains that his original sentence, imposed under 21 U.S.C. § 841(b)(1)(B), is unconstitutional and should not have been used in calculating his sentence following revocation.

Thompson argues that his original sentence is invalid because 21 U.S.C. § 841(b) was rendered facially unconstitutional by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Thompson argues that he should have been sentenced under the more lenient

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

terms of 21 U.S.C. § 841(b)(1)(C).  Thompson did not challenge his original sentence based on the constitutionality of 21 U.S.C. § 841(b), either by direct appeal or collateral review.  He may not do so on appeal from the revocation of supervised release.  See United States v. Moody, 277 F.3d 719, 720-21 (5th Cir. 2001).

Thompson further argues that his original sentence is invalid because it was enhanced based on his prior felony drug conviction.  Thompson contends that the sentence violates Apprendi because the fact of his prior conviction was an element of the offense that should have been charged in his indictment.  Thompson's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235-47 (1998), which held that a prior conviction need not be treated as an element of the offense.  Apprendi did not overrule Almendarez-Torres.  Apprendi, 530 U.S. at 489-90.  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation marks and citation omitted), cert. denied, 531 U.S. 1202 (2001).

In lieu of filing an appellee's brief, the Government has filed a motion asking us to dismiss this appeal or, in the alternative, to summarily affirm the district court's judgment.  The Government's motion to dismiss is DENIED.  The motion for a summary affirmance is GRANTED.  The judgment of the district court is AFFIRMED.  The Government need not file an appellee's brief.

MOTION TO DISMISS DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; AFFIRMED.