IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Nos. 01-20975
01-20976
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WESLEY MANNING,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-201-1
--------------------
May 10, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, John Wesley Manning (Manning) appeals two judgments by the district court revoking his supervised release. He argues that the district court erred in revoking his supervised release based upon a violation of 18 U.S.C. § 930(a), which prohibits the knowing possession of a dangerous weapon in a federal facility. He argues that, even if the revocation of his supervised release was proper, the cases should be remanded so the district court can resentence him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without taking into consideration the alleged violation under 18 U.S.C. § 930(a).

The revocation of supervised release was proper as Manning pleaded true to two other violations of his supervised release. See 18 U.S.C. § 3583; United States Sentencing Guidelines §§ 7B1.1, p.s., 7B1.3(a)(2), p.s. The 14-month sentences imposed for each of the supervised release terms revoked were not in violation of the law or plainly unreasonable. United States v. Moody, 277 F.3d 719, 720 (5th Cir. 2001); United States Sentencing Guidelines § 7B1.4(a), p.s. Moreover, a district court's imposition of consecutive sentences upon the revocation of separate terms of supervised release is permissible. United States v. Gonzalez, 250 F.3d 923, 929 (5th Cir. 2001).

Although the transcript of the revocation hearing indicates the district court made no finding that Manning violated 18 U.S.C. § 930(a), the written judgment reflects that the district court made such a finding. The case is therefore remanded so the district court can conform the written judgment to its oral pronouncement. See United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001).

We AFFIRM the district court's revocation of supervised release and the ensuing sentence, but we REMAND for the district court to conform the written judgment to its oral pronouncement.