IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31136
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER J. ROBINSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-30012-ALL
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Christopher J. Robinson appeals the revocation of his supervised release. Robinson argues that the district court imposed an illegal sentence when it revoked his supervised release and sentenced him to be incarcerated for 18 months with a recommendation that he be provided with drug rehabilitation.

The revocation of Robinson's supervised release was mandatory once the district court found that Robinson had been in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of cocaine.  See 18 U.S.C. §§ 3565(b), 3583(g); United States v. Giddings, 37 F.3d 1091, 1097 (5th Cir. 1994).  This court upholds a sentence after revocation of supervised release unless the sentence violated a law or is plainly unreasonable. See United States v. Moody, 277 F.3d 719, 720 (5th Cir. 2001).

Because Robinson's offense carries a maximum prison term of five years, see 21 U.S.C. §§ 841(b)(1)(D), 846, Robinson was subject to a maximum prison term of two years following the revocation of his supervised release.  See 18 U.S.C. § 3559(a)(4).  Robinson's 18-month sentence was not in violation of law because it was within the statutory maximum.  See 18 U.S.C. § 3583(e)(3).

Neither was the 18-month sentence with the recommendation that he be given intensive drug treatment "plainly unreasonable." Considering Robinson's history of drug abuse and his violations of the conditions of his supervised release, it was reasonable for the court to determine, at the time of revocation, that Robinson required intensive drug treatment.  Accordingly, the district court's judgment is AFFIRMED.