IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50158
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY CRUMEDY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-94-CR-32-ALL
--------------------
August 30, 2002

Before GARWOOD, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jeffrey Crumedy appeals the 30 month sentence that he received upon revocation of his supervised release.  Because there are no applicable guidelines for sentencing after revocation of probation, we will uphold Crumedy's sentence unless it is in violation of law or plainly unreasonable.  See United States v. Pena, 125 F.3d 285, 287 (5th Cir. 1997).  Crumedy asserts, under Apprendi v. New Jersey, 530 U.S. 466 (2000), that his original offense is a Class C felony because no drug quantity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was alleged in the indictment and that, under 18 U.S.C. § 3583(c)(3), the maximum term of imprisonment he could receive is two years.

In <u>United States v. Moody</u>, 277 F.3d 719, 720-21 (5th Cir. 2001), we addressed a similar argument with respect to 18 U.S.C. § 3583(h). Both § 3583(e)(3) and § 3583(h) base the length of sentences on revocation on "the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." As we held in <u>Moody</u>, this language requires the district court to consider the original statute under which the defendant was sentenced. <u>Moody</u>, 277 at 721. Crumedy was sentenced under 21 U.S.C. § 841(b)(1)(A). Because the maximum sentence for this offense was life imprisonment, it was a Class A felony at the time of original conviction and is a Class A felony under current law. <u>See</u> 18 U.S.C. § 3559(a)(1) and § 841(b)(1)(A). Upon revocation of supervised release, a defendant may be sentenced to a maximum of five years in prison if the original offense is a Class A felony. 18 U.S.C. § 3583(e)(3). The 30 month sentence that Crumedy received upon revocation of supervised release is within this limit.

AFFIRMED.