United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

**No. 02-20782**
**c/w No. 02-40782**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA**,

Plaintiff-Appellee,

**versus**

**AARON GOMEZ-JUAREZ**,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-37-ALL
USDC No. L:01-CR-1394-ALL
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Aaron Gomez-Juarez appeals his guilty-plea conviction for violation of 8 U.S.C. § 1326 for illegal reentry into the United States after deportation subsequent to an aggravated felony conviction and the revocation of his supervised release for a prior illegal reentry conviction based on his recent conviction for illegal reentry. With respect to both illegal reentry convictions,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gomez-Juarez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

Gomez-Juarez cannot challenge his first conviction through a challenge of revocation of his supervised release, and therefore we need not consider his argument related to that conviction. United States v. Moody, 277 F.3d 719, 721 (5th Cir. 2001). His challenge of the constitutionality of his second conviction is timely, as it is raised on direct appeal. Regardless, Gomez-Juarez acknowledges that his attack is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), and that he is entitled to no relief. United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.