United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40186
c/w Nos. 03-40187 & 03-40496
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE MENDOZA-BARCENAS,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-611-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Noe Mendoza-Barcenas appeals his guilty-plea conviction

for illegal reentry into the United States after deportation and

the revocation of his supervised release and probation.  He

asserts that 8 U.S.C. § 1326(a)(1) and (2) are unconstitutional

on their face and as applied to him.  He also argues that the

prior conviction that resulted in his increased sentence is an

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

element of the offense under 8 U.S.C. § 1326(b) that should have been alleged in the indictment.

Because a challenge under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) is not jurisdictional, Mendoza-Barcenas may not present these claims in an appeal following the revocation of supervised release. <u>See</u> <u>United States v. Longoria</u>, 298 F.3d 367, 372 (5th Cir. 2002) (en banc); <u>United States v. Moody</u>, 277 F.3d 719, 720-21 (5th Cir. 2001); <u>United States v. Teran</u>, 98 F.3d 831, 833 n.1 (5th Cir. 1996). Regardless, Mendoza-Barcenas acknowledges that his arguments are foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27 (1998), but he seeks to preserve the issue for Supreme Court review. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>Apprendi</u>, 530 U.S. at 489-90, 496. This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.