United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 03-41589
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO JAUREGUI-DURAN,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
B-03-CR-703-ALL

Before REAVLEY, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

## I.  BACKGROUND

Ricardo Jauregui-Duran appeals from the revocation of his term of supervised release.  In this appeal, Jauregui-Duran seeks to challenge his underlying conviction on the grounds that he was improperly convicted of a subsequent commission of 8 U.S.C. § 1325(a).  He alleges that the conviction was improper because the prior "commission" of 8 U.S.C. § 1325(a) alleged in the indictment was actually required to be a prior conviction of 8 U.S.C. § 1325(a).

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court has previously held that a defendant may not challenge his underlying conviction in the context of an appeal from the revocation of his term of supervised release, but should properly raise such a challenge in a 28 U.S.C. § 2255 motion. See United States v. Moody, 277 F.3d 719, 721 (5th Cir. 2001); United States v. Francischine, 512 F.2d 827, 828 (5th Cir. 1975). Although this court has intimated that a jurisdictional exception may exist to that bar, see United States v. Teran, 98 F.3d 831, 832-33 (5th Cir. 1996), we need not address the existence of that exception because the instant challenge is not jurisdictional. Cf. United States v. Longoria, 298 F.3d 367, 369, 372 (5th Cir. 2002). Similarly, because this claim is not properly before the court, we need not reach Jauregui-Duran's substantive claim as to 8 U.S.C. § 1325(a), and specifically withhold consideration of this issue.

Accordingly, because Jauregui-Duran's instant challenge to his underlying conviction is not cognizable in this appeal, the district court's judgment is **AFFIRMED**.