United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31176
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

TROY WATTS, also known as T-Dove,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CR-145-16-L
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Troy Watts appeals his 48-month sentence following the
revocation of his supervised release term relating to Watts's
1997 guilty-plea conviction for conspiracy to distribute cocaine.
Citing <u>United States v. Doggett</u>, 230 F.3d 160, 164-65 (5th Cir.
2000), and for the first time on appeal, Watts contends that his
revocation sentence was unlawfully imposed.  Specifically, Watts
asserts that, because his superseding indictment failed to allege
a specific drug quantity, his underlying drug conspiracy

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction carried a 20-year maximum sentence pursuant to 21 U.S.C. § 841(b)(1)(C), thereby rendering it a Class C felony under 18 U.S.C. § 3559(a)(3).  Watts maintains that his revocation sentence could not exceed two years pursuant to 18 U.S.C. § 3583(e)(3).  Watts secondarily argues that, assuming his case is remanded for resentencing, any additionally imposed supervised release term would result in an ex post facto violation.

Watts neither directly appealed from, nor sought collateral review of, his underlying conviction and sentence.  He may not do so on appeal from the revocation of supervised release.  See United States v. Moody, 277 F.3d 719, 720-21 (5th Cir. 2001).

AFFIRMED.