United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40369
c/w No. 04-40379
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO CARBAJAL-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-161-ALL
USDC No. 1:03-CR-861-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Roberto Carbajal-Hernandez ("Carbajal") appeals from his guilty-plea conviction for illegal reentry after deportation as well as from the revocation of supervised release relating to a prior illegal reentry conviction. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Blakely v. Washington, 124 S. Ct. 2531 (2004).  He therefore reasons that both the instant conviction as well as his prior illegal reentry conviction must be reduced to convictions under the lesser included offense found in 8 U.S.C. § 1326(a)(2).

A defendant may not use the revocation of supervised release to challenge his sentence for the underlying offense based on Apprendi for the first time.  United States v. Moody, 277 F.3d 719, 720-21 (5th Cir. 2001).  Therefore, Carbajal may not challenge his prior illegal reentry conviction in the appeal of the revocation of his supervised release.  See id.

Regardless, as Carbajal acknowledges, his attack on 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), but he seeks to preserve it for Supreme Court review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.), cert. denied, 124 S. Ct. 358 (2003).  Accordingly, this court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Mancia-Perez, 331 F.3d at 470 (internal quotation and citation omitted).  Moreover, in United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir.), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), this court held that "Blakely does not extend to the federal Guidelines."  A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by

this court sitting en banc or by the United States Supreme Court.

United States v. Lipscomb, 299 F.3d 303, 313 n.34 (5th Cir.

2002).  Accordingly, the judgments of the district court are

AFFIRMED.