NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009
Decided June 11, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1706

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 00-30042-001 |
| DAVID LEE McCLAIN, *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

David McClain was convicted of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and sentenced to 95 months' imprisonment and three years' supervised release. He was released from prison and commenced the term of supervised release in September 2007, but soon he was using cocaine and marijuana and in early 2008 his probation officer petitioned for revocation. At his revocation hearing McClain admitted the drug use. The district court revoked his release and ordered him to serve another 22 months' imprisonment. McClain appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue. See *Anders v. California*, 386 U.S. 738 (1967). McClain has not accepted our invitation to comment on counsel's motion. See CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir.

2002).

Counsel first considers whether McClain could challenge the calculation of his criminal history category. At his revocation hearing McClain asked for a new attorney because his appointed lawyer would not challenge the criminal history points tallied at his sentencing in 2002 for the § 922(g) offense. The district court denied McClain's request for new counsel and then explained how his prior convictions yielded a criminal history category of V. McClain's objection to that calculation could have been made in a direct appeal from the underlying conviction and sentence, but it was not a permissible argument for the revocation proceeding. See *United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009); *United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007); *United States v. Moody*, 277 F.3d 719, 721 (5th Cir. 2001). Counsel is thus correct that this potential argument would be frivolous.

Counsel then considers whether McClain could challenge the district court's finding that he violated the terms of his supervised release. The district court found that McClain possessed drugs based on McClain's admission of drug use and six positive drug tests, which made revocation of his release mandatory. 18 U.S.C. § 3583(g)(1), (g)(4); *United States v. Israel*, 317 F.3d 768, 769, 773 (7th Cir. 2003); *United States v. Trotter*, 270 F.3d 1150, 1154 (7th Cir. 2001). We agree with counsel that it would be frivolous for McClain to challenge the district court's finding that he violated the terms of his supervised release.

Finally counsel considers whether McClain might argue that his term of reimprisonment is unreasonable. We will uphold a term of reimprisonment imposed on revocation of supervised release unless it is "plainly unreasonable," a very narrow standard. *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). In selecting an appropriate term, the district court must consider the policy statements in the guidelines, see U.S.S.G. ch. 7, pt. B, and the sentencing factors set out in 18 U.S.C. § 3553(a), *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). In this case the court acknowledged that McClain's Grade B violation, see U.S.S.G. § 7B1.4(a)(2), combined with his criminal history category of V, yielded a range of 18 to 24 months.  See U.S.S.G. § 7B1.4(a). Before settling on 22 months, the court considered the § 3553(a) factors, even going so far as to discuss each prior conviction in McClain's criminal history. Thus we agree with counsel that any challenge to McClain's term of reimprisonment would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.