# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2010

Lyle W. Cayce
Clerk

No. 09-50498
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD SLOAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:95-CR-98-2

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronald Sloan, federal prisoner # 61276-080, appeals from the 50-month sentence imposed following the revocation of his term of supervised release resulting from his guilty plea conviction for possession with intent to distribute cocaine.  Sloan argues that the 50-month sentence imposed was outside the authorized punishment range on revocation because his underlying offense was charged as a violation of 21 U.S.C. § 841(a), without any statement as to the drug quantity involved in the offense.  He contends that the quantity of drugs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was a fact that must be alleged in the charging document and found to be proved beyond a reasonable doubt by the finder of fact. Sloan asserts that therefore the maximum statutory penalty was 20 years of imprisonment, resulting in the categorization of the underlying offense as a class C felony, which limited his revocation sentence to 24 months of imprisonment.

Sloan did not object to the revocation sentence in the district court and, thus, review is for plain error. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). A defendant may not use the appeal from a judgment revoking a term of supervised release to challenge directly or collaterally his underlying conviction or original sentence. *United States v. Hinson,* 429 F.3d 114, 116 (5th Cir. 2005). Thus, Sloan is not entitled to challenge the validity of his original sentence. *See id.*

Insofar as Sloan argues that the sentence is invalid because there were no factfindings to substantiate the classification of his sentence, the court rejected a similar argument in *Hinson*, holding that the defendant could not collaterally attack the underlying sentence based on there being no factfindings regarding the sentence by the jury and no admissions to those facts by the defendant at the time of his guilty plea. *Id.*

Further, Sloan acknowledges that his original 1996 plea and sentence were imposed prior to the issuance of the opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). At the time of Sloan's initial sentencing, the law did not require that the drug quantity be specified in the indictment and proved to a jury as an element of the offense. Thus, *Apprendi* did not render Sloan's sentence illegal. *See United States v. Moody*, 277 F.3d 719, 721 (5th Cir. 2001).

If an initial sentence was legal when imposed, the revocation sentence arising from that sentence is also legal. *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009). Further, even if the initial sentence was illegal, as previously stated, Sloan may not use a challenge to his revocation sentence as

2

a vehicle to challenge the initial sentence. *See Hinson,* 429 F.3d at 116; *Moody,* 277 F.3d at 721.

Therefore, the statutory maximum sentence that the district court could have imposed upon the revocation of Sloan's supervised release was 60 months of imprisonment.  Because the 50-month sentence was a statutorily authorized sentence, the district court did not plainly err in imposing the revocation sentence.  *See Puckett,* 129 S. Ct. at 1429.  The sentence is AFFIRMED.