# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2010

No. 09-41216

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ZABALA-MOLINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-1001-1

Before DeMOSS, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Zabala-Molina appeals the district court's revocation of his term of supervised release. He argues that the district court did not have the authority to either revoke the term of supervised release or modify the original sentence. Because our precedent precludes the modification of an original sentence in a revocation proceeding, we REVERSE.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41216

I.     BACKGROUND

In 2001 in the Western District of Texas, Jose Zabala-Molina (Zabala) was found guilty of failure to appear for sentencing in a drug-trafficking case and was sentenced to 24 months in prison and three years of supervised release.  The sentencing court ordered that Zabala's sentence of imprisonment and term of supervised release run consecutively to the concurrent 97-month terms of prison and three-year terms of supervised release imposed on the two counts in the drug-trafficking case.  The court stated specifically that "[t]he five years [of] supervised release in the marijuana case and three years of supervised release in the failure-to-appear case will run consecutively, for a total of eight years."  This Court dismissed as frivolous Zabala's appeal from the failure-to-appear judgment upon his retained attorney's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  *United States v. Zabala-Molina*, 65 F. App'x 508 (5th Cir. 2003).

Jurisdiction over the cases was transferred to the Southern District of Texas in 2009.  In December 2009, the Government filed a petition to revoke the three terms of supervised release imposed in the failure-to-appear and the drug-trafficking cases, based on a new illegal-reentry conviction.  The Government asserted that Zabala had begun to serve his terms of supervised release on December 28, 2008.

At the revocation hearing, Zabala's counsel questioned whether the failure-to-appear term of supervised release was ripe for revocation because it had been ordered to run consecutively to the concurrent five-year terms in the drug-trafficking case, which had not yet expired.  The judge explained that, even though the failure-to-appear judgment stated that the term of supervised release was to run consecutively to the terms in the drug-trafficking case, "[y]ou can't have a supervised release consecutive . . . [a]nd it only makes sense that the supervised release from the 2000 [failure-to-appear] case is concurrent with the

2

No. 09-41216

other case." Counsel and the probation officer agreed with the district court that Zabala was serving three different terms of supervised release.

Zabala pleaded true to violating the conditions of supervised release by committing the 2009 illegal-reentry offense. The court revoked all three terms of supervised release and sentenced Zabala to seven months in prison in the failure-to-appear case, to run consecutively to the concurrent seven-month terms in prison on both counts in the drug-trafficking case, and to be followed by 29 months of supervised release in the failure-to-appear case and 53 months of supervised release in the drug-trafficking case. The court also sentenced Zabala to 70 months in prison in the illegal-reentry case, to be followed by three years of supervised release. Zabala filed a timely notice of appeal.

II.   ANALYSIS

Zabala argues that the district court did not have jurisdiction to modify the original judgment in the failure-to-appear case by interpreting it as imposing a concurrent, rather than consecutive, term of supervised release or to revoke the consecutive term of supervised release that had not yet begun to run.[1]  He argues that the revocation of the term of supervised release in the failure-to-appear case and resulting sentence should be vacated. The Government agrees that the revocation and sentence should be vacated. However, the Government also asks this Court to remand the case to the Southern District of Texas and instruct that the case be returned to the Western District of Texas so that the district court can amend the judgment by imposing concurrent terms of supervised release.

Although this Court typically reviews the district court's decision to revoke supervised release for abuse of discretion, *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995), it reviews de novo a district court's jurisdiction to

---

[1]   Zabala is not appealing the revocation of the drug-trafficking terms of supervised release.

3

No. 09-41216

revoke supervised release, *United States v. Molina-Gazca*, 571 F.3d 470, 472 (5th Cir. 2009).

The supervised release statute states that a "term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release." 18 U.S.C. § 3624(e).[2] This Court has interpreted § 3624(e) as mandating that a prisoner's "supervised release term must run concurrently to any other supervision to which he is subject." *United States v. Hernandez-Guevara*, 162 F.3d 863, 877 (5th Cir. 1998). "Even when federal law requires consecutive terms of imprisonment, the supervised release term 'is to run concurrently with any other term of supervised release imposed.'" *Id.* (quoting U.S.S.G. § 5G1.2, cmt. n.2(C)).

The parties agree that the consecutive term of supervised release imposed in the failure-to-appear case was an illegal sentence. They also agree that, even if illegal, the sentence cannot be challenged or modified in a revocation proceeding. The parties are correct. "It is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence." *United States v. Willis*,

---

[2] The failure-to-appear statute mandates that the term of imprisonment—not the term of supervised release—for that offense shall be consecutive to the sentence of imprisonment for any other offense. 18 U.S.C. § 3146(b)(2). The general sentencing statute provides that:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute. . . .

18 U.S.C.A. § 3583(a). However, neither statute addresses whether terms of supervised release may be imposed to run consecutively.

No. 09-41216

563 F.3d 168, 170 (5th Cir. 2009); *accord United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005) ("Hinson may not, however, use an appeal of the revocation of her supervised release to attack her original sentence directly or collaterally in this proceeding."); *United States v. Moody*, 277 F.3d 719, 721 (5th Cir. 2001) ("Moody has never challenged the language of her indictment or the drug quantity used in calculating her original sentence, either by direct appeal or collateral review. She may not now use her new term of supervised release as a vehicle to do so.").[3]

District courts are authorized to modify previously imposed sentences only in limited circumstances, *see* 18 U.S.C. § 3582(c), none of which were present in Zabala's revocation proceeding. *Willis*, *Hinson*, and *Moody* dictate that the district court was bound by the original, albeit illegal, consecutive term of supervised release.

Additionally, as previously set forth, the Government asks this Court to remand and instruct the district court to transfer the failure-to-appear case back to the Western District with further instructions to amend the judgment and impose the term of supervised release to run concurrently with the supervised release imposed in the drug-trafficking case. The Government cites no authority that allows this procedure. Moreover, our precedent provides that a revocation proceeding is not the proper vehicle in which to challenge the original sentence. Thus, granting the Government's request would contravene our precedent.

III.   CONCLUSION

Accordingly, the judgment of revocation with respect to the term of supervised release on the failure-to-appear case is REVERSED.   The

---

[3] We note that in cases on direct appeal, this Court has modified or vacated judgments imposing consecutive terms of supervised release. *See United States v. Myers*, 104 F.3d 76, 81 (5th Cir. 1997) (vacating and remanding for resentencing).

No. 09-41216

Government's request for remand is DENIED.  Our ruling does not affect the revocations of the terms of supervised release on the two drug convictions.