**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 27, 2011

Lyle W. Cayce
Clerk

No. 10-10785
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROLANDO HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CR-30-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rolando Hernandez appeals from the revocation of his term of supervised release and the 14-month sentenced imposed upon revocation. He argues that the criminal history score in his 2003 presentence report was incorrectly calculated because two of his convictions should have been considered related. He contends that he could not have obtained relief previously as to the incorrectly calculated criminal history score because it would have been found to be harmless error on direct appeal, as he was sentenced to the mandatory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

minimum sentence in 2003. According to Hernandez, the allegedly incorrect score did not affect his substantial rights until the revocation proceeding. Alternatively, Hernandez contends that his 14-month sentence created an unwarranted disparity with similarly situated defendants.

We ordinarily review sentences imposed on the revocation of supervised release under the plainly unreasonable standard. *United States v. Miller,* 634 F.3d 841, 842 (5th Cir. 2011). Because Hernandez did not raise an objection to his revocation sentence in the district court, however, any error raised on appeal is subject to plain error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S.Ct. 192 (2009). To show plain error, Hernandez must show a forfeited error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he were to make such a showing, this court would have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

A defendant may not use a supervised release proceeding to challenge the validity of his original conviction or sentence. *United States v. Willis,* 563 F.3d 168, 170 (5th Cir. 2009); *United States v. Hinson,* 429 F.3d 114, 116 (5th Cir. 2005); *United States v. Moody,* 277 F.3d 719, 721 (5th Cir. 2001). Hernandez has failed to show error, plain or otherwise.

AFFIRMED.