**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2012

Lyle W. Cayce
Clerk

No. 12-50063
c/w No. 12-50083
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARCO ANTONIO MORALES-PEREZ,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1589-3
USDC No. 2:11-CR-1185-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Morales-Perez was convicted of illegal reentry into the
United States and was sentenced to serve 46 months in prison and a three-year
term of supervised release. Additionally, the term of supervised release he was
serving when he committed the illegal reentry offense was revoked, and he was
sentenced to serve 10 months in prison on the revocation. He appeals both

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judgments, and we consolidate the appeals. *See United States v. Rodriguez*, 564 F.3d 735, 737 (5th Cir. 2009); FED. R. APP. P. 3(b)(2).

The arguments that Morales-Perez currently raises were not presented to the district court, so they are considered under the plain error standard. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To prevail under that standard, he must show an error that is clear or obvious and that affects his substantial rights, but even so, we will exercise our discretion to correct any such error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See Puckett*, 556 U.S. at 135 (internal quotation marks omitted).

First, Morales-Perez argues that his illegal reentry sentence is substantively unreasonable because his prior conspiracy conviction was unfairly counted in multiple places in the presentence report. As he concedes, this double-counting was permissible under the applicable Guideline. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Insofar as he contends that this acceptable double-counting resulted in a substantively unreasonable sentence, his arguments on this issue amount to no more than a disagreement with the propriety of the sentence, which does not show error. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (per curiam). Morales-Perez has shown no error in connection with his illegal reentry conviction and sentence.

Next, Morales-Perez contends that the revocation is invalid because the term of supervised release imposed for his prior conviction is invalid. A defendant may not use a supervised release proceeding to challenge the validity of his original conviction or sentence. *United States v. Willis,* 563 F.3d 168, 170 (5th Cir. 2009); *United States v. Hinson,* 429 F.3d 114, 116 (5th Cir. 2005); *United States v. Moody,* 277 F.3d 719, 721 (5th Cir. 2001). Consequently, the

2

No. 12-50063
and No. 12-50083

arguments that Morales-Perez presents pertaining to his revocation proceedings are to no avail.

The appeals are CONSOLIDATED, and the judgments are AFFIRMED.