# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 21-51176
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROYSHENA HOLT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-86-2

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Royshena Holt pleaded guilty to aiding and abetting the possession with intent to distribute cocaine base.  The district court sentenced her to 13 months in prison, with credit for time served, and three years of supervised release.  She was released to supervised release after completing her prison

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51176

term, but her supervised release was revoked after she violated the conditions of her supervision. The district court imposed an 18-month sentence.

On appeal, Holt contends that the district court lacked jurisdiction to revoke her supervised release and impose sentence. We review her claim de novo. *See United States v. Garcia-Rodriguez*, 640 F.3d 129, 131 (5th Cir. 2011).

According to Holt, the district court did not have jurisdiction because the underlying criminal judgment was void. She maintains that the amended judgment in the criminal case, which specified the terms under which she had to report to prison, was invalid because the district court lacked the authority to modify her sentence after its imposition. She also asserts that, but for the void amended judgment, she would not have been convicted and sentenced for failure to surrender, in violation of 18 U.S.C. § 3146(a), on account of her noncompliance with the terms of the amended judgment. Holt alleges that the time that she served for that offense wrongly was used to extend the start date for her term of supervised release.

Her argument that the district court lacked jurisdiction is premised on a challenge to the legality of the amended judgment. However, the district court in a revocation case is effectively bound by the underlying judgment, regardless of its validity, and a defendant may not use a revocation appeal to challenge the underlying criminal conviction and sentence. *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009); *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005). To the extent that Holt seeks to use this revocation appeal to challenge her conviction and sentence for failure to surrender—a separate criminal judgment from the one underlying this appeal—her claims are more attenuated and inapposite. Any concerns that she has regarding the underlying judgment or her conviction and sentence for failure to surrender are more appropriate in an appeal from the disputed judgment or a 28 U.S.C. § 2255 motion. *See United States v. Moody*, 277 F.3d 719, 721 (5th Cir. 2001).

No. 21-51176

The record supports that the district court otherwise had jurisdiction. The revocation proceeding was initiated and completed within three years of Holt's release from custody. *See United States v. Johnson*, 529 U.S. 53, 57 (2000); *United States v. Jackson*, 426 F.3d 301, 304 (5th Cir. 2005); 18 U.S.C. § 3624(e); 18 U.S.C. § 3583(i). Although Holt suggests that her supervised release should have begun when she was arrested for the underlying criminal offense, her supervised release began following her prison term once she was released to the supervision of a probation officer. *See* § 3624(e); *Johnson*, 529 U.S. at 57; *United States v. Garcia-Rodriguez*, 640 F.3d 129, 130, 134 (5th Cir. 2011). Because she was convicted of the underlying offense and was granted credit for time served, her supervised release could not have begun while she was in pretrial detention for the offense. *See Mont v. United States*, 139 S. Ct. 1826, 1832 (2019); *United States v. Molina-Gazca*, 571 F.3d 470, 474 (5th Cir. 2009). Her term of supervised release otherwise was tolled while she was in prison, including, inter alia, during her pretrial detention and imprisonment for her failure-to-surrender conviction. *See* § 3624(e); *Johnson*, 529 U.S. at 57; *Molina-Gazca,* 571 F.3d at 472-74; *Jackson*, 426 F.3d at 304. Her claim that her imprisonment for her failure-to-surrender conviction was invalid and could not toll her supervised release under *Mont* is unavailing. *See Mont*, 139 S. Ct. at 1834; *see also Willis*, 563 F.3d at 170; *Hinson*, 429 F.3d at 116.

Given the foregoing, Holt has not shown that the district court lacked the authority to conduct the revocation hearing and impose sentence. Thus, the judgment of the district court is AFFIRMED.